UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.: _____

| | |
|---|---|
| Chadi Aladi,<br><br>       Plaintiff,<br>v.<br><br>Mitzi Mellott Law Office, Mitzi Mellott and James Doe,<br><br>       Defendants. | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## **JURISDICTION**

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") by these Defendants and their agents in their illegal efforts to collect a consumer debt from Plaintiff, and the violation of the Minnesota Human Rights Act, Minn. Stat. 363A *et seq.* ("MHRA").

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## PARTIES

4. Plaintiff Chadi Aladi is a natural person who resides in the City of Minneapolis, County of Hennepin, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3). Plaintiff is also a "person" as defined by Minn. Stat. § 363A.03, subd. 30.

5. Defendant Mitzi Mellott Law Office (hereinafter "Defendant Law Office") is a law firm operating from an address of 160 3rd Ave W Suite 200, Foley, MN 56329, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). Defendant Law Office is a "person" and covered "private entity" as defined by Minn. Stat. § 363A.03, subd. 30 and 32.

6. Defendant Mitzi Mellott (hereinafter "Defendant Mellott") is a lawyer operating a law firm from an address of 160 3rd Ave W Suite 200, Foley, MN 56329, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7. Defendant James Doe (hereinafter "Defendant Doe") is a natural person who was employed at all times relevant herein by Defendant Law Office and Defendant Mellott as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), but whose true name is not yet known. Defendant Doe is a "person" and covered "private entity" as defined by Minn. Stat. § 363A.03, subd. 30 and 32.

## **FACTUAL ALLEGATIONS**

8. In or around 2008, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a personal medical debt with a chiropractic clinic, in the approximate amount of $176.52.

9. Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendants for collection from Plaintiff.

### *Letter from Mitzi Mellott*

10. On or about October 23, 2010, Defendant Mellott contacted Plaintiff by letter in an effort to collect this debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

11. Defendant Mellott stated in her letter that Plaintiff had failed to return an acknowledgement of service form and that Plaintiff might thereafter be subjected to personal service at additional expense to him.

12. This letter was a false and misleading attempt to collect this debt because Plaintiff had never been served with anything by mail or otherwise by Defendants and this letter was mailed to his separated-spouse's address where he had never lived.

13. Moreover, Defendant Mellott failed to provide Plaintiff with the written notices required by the FDCPA, 15 U.S.C. § 1692g, *et seq.*

14. All of the above-described collection communications made to Plaintiff by Defendant Mellott were therefore done in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10), and 1692f, amongst others.

### *Conversation with James Doe*

15. On or about the morning of October 23, 2010, Plaintiff received a voice mail message from Defendant James Doe in an effort to collect this debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

16. Defendant Doe told Plaintiff to return the call immediately and that it was about collecting a debt.

17. Plaintiff returned the call that day to Defendant Doe.

18. Defendant Doe told Plaintiff that the call was regarding a chiropractic debt in the amount of $176.52.

19. Plaintiff had previously entered into a credit plan to repay his chiropractor for this bill after it had first been submitted to his insurance plan.

20. During the course of the collection call, Defendant Doe started yelling loudly at Plaintiff and was very disrespectful.

21. Defendant Doe claimed that Defendants had mailed something to Plaintiff but that Plaintiff had never responded to them.

22. Plaintiff asked what addressed this item had been mailed to, and Defendant responded saying that it had been mailed to a Logan Avenue address in Minneapolis.

23. Plaintiff then explained that he had never lived at that address.

24. Defendant stated that he did not care and that they had gotten this address from the post office.

25. Plaintiff asked what Defendant wanted and Defendant demanded that Plaintiff pay this debt.

26. Defendant Doe was screaming at Plaintiff and repeatedly told Plaintiff to stop interrupting and talking over him.

27. Defendant told Plaintiff to shut up and that people in this country do not talk like this, and that Plaintiff should go back to his own country and talk like that.

28. Plaintiff is a United States citizen who was originally born in Syria.

29. Plaintiff replied that he was willing to pay this bill but that he wanted to make sure Defendant Doe was really a lawyer.

30. Defendant Doe continued to verbally abuse and berate Plaintiff.

31. Plaintiff then asked Defendant Doe to send him something in the mail so that he could in send a check to Defendants.

32. Defendant Doe told Plaintiff that he was not a collection agency, but rather a law office and that if Plaintiff did not pay the debt immediately that Plaintiff

did not know where Defendant Doe would take this account thereafter. This was a very threatening statement to Plaintiff.

33. Defendant Doe told Plaintiff that if he did not want to pay this that he would give Plaintiff the 800-number to his law office and he could then deal with them.

34. Defendant Doe then told Plaintiff that he would hear from them soon. Plaintiff took this to mean that he would be sued for this debt.

35. In return, Defendant Doe screamed very loudly at Plaintiff and told him to "fu*k off" and go get his check book or a credit card if he wanted to pay right now.

36. Plaintiff was terrified and shaken by the discriminatory way he was being treated by Defendant Doe and thereafter immediately hung up the phone, ending the call.

37. On Tuesday October 26, 2010, after verifying that he owed the debt, Plaintiff called back and paid it to the Defendants, obtaining a reference number of 027575.

38. All of the above-described collection communications made to Plaintiff by Defendant Doe were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692c(a)(1), 1692d,

1692d(1), 1692d(2), 1692e, 1692e(5), 1692e(7), 1692e(10), and 1692f, amongst others.

39. The above communications made by Defendant Doe to Plaintiff also constituted discriminatory credit and business practices in violation of numerous provisions of the MHRA, Minn. Stat. § 363A et seq.

### *Summary*

40. All of the above-described collection communications made to Plaintiff by each individual Defendant and other collection employees employed by Defendant Law Office, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the provisions of the FDCPA cited herein, and the MHRA.

41. Plaintiff has suffered actual damages as a result of these illegal collection communications by these Defendants in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions.

### *Respondeat Superior Liability*

42. The acts and omissions of these individual Defendants, and the other debt collectors employed as agents by Defendant Law Office who communicated with Plaintiff as more further described herein, were committed within the

time and space limits of their agency relationship with their principal, Defendant Law Office.

43. The acts and omissions by these individual Defendants and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant Law Office in collecting consumer debts.

44. By committing these acts and omissions against Plaintiff, these individual Defendants and these other debt collectors were motivated to benefit their principal, Defendant Law Office.

45. Defendant Law Office is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Minnesota law, in their attempts to collect this debt from Plaintiff.

## TRIAL BY JURY

46. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 *et seq.*

47. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

48. The foregoing acts and omissions of each Defendant and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 *et seq.*, with respect to Plaintiff.

49. As a result of each Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each Defendant herein.

## COUNT II.

## CREDIT DISCRIMINATION – MHRA, MINN. STAT. § 363A.16

50. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

51. The MHRA prohibits a person from engaging in any unfair discriminatory practice "to discriminate in the extension of personal or commercial credit to a person, or in the requirements for obtaining credit, because of race,

color, creed, religion, disability, national origin, sex, sexual orientation, or marital status, or due to the receipt of federal, state, or local public assistance including medical assistance."

52. In violation of the MHRA, Defendant Doe's conduct discriminated against Plaintiff by discriminating against in him in extending credit and/or enforcing the credit contract he had with his chiropractor, with no legitimate business purpose.

53. As a result of Defendant's unlawful conduct, Plaintiff has suffered and will continue to suffer mental anguish, emotional distress, embarrassment, and other damages. Plaintiff is also entitled to attorney's fees and costs incurred in connection with this claim.

## COUNT III.

**BUSINESS DISCRIMINATION – MHRA, MINN. STAT. § 363A.17, SUBD. 3**

54. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

55. The MHRA makes it an unfair discriminatory practice for a person engaged in a trade or business or in the provision of a service "to intentionally refuse to do business with, to refuse to contract with, or to discriminate in the basic terms, conditions, or performance of the contract because of a person's race,

national origin, color, sex, sexual orientation, or disability, unless the alleged refusal or discrimination is because of a legitimate business purpose."

56. In violation of the MHRA, Defendant Doe's conduct discriminated against Plaintiff by discriminating against in him in basic terms, conditions, or performance of the contract because of a person's race, national origin the credit contract he had with his chiropractor, with no legitimate business purpose.

57. As a result of Defendant's unlawful conduct, Plaintiff has suffered and will continue to suffer mental anguish, emotional distress, embarrassment, and other damages. Plaintiff is also entitled to attorney's fees and costs incurred in connection with this claim.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each Defendant:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 *et seq.*

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each Defendant and for Plaintiff;

### COUNTS II AND III.

### MINNESOTA HUMAN RIGHT ACT - MINN. STAT. § 363A

- for compensatory damages for loss of income, emotional distress, and all other damages available under the ADA and the MHRA against each Defendant and for Plaintiff;

- for treble damages as allowed by Minn. Stat. § 363A.29 subd. 4 against each Defendant and for Plaintiff;

- for attorney's fees, costs and disbursements incurred herein against each Defendant and for Plaintiff;

- for assessment of a civil penalty, payable to the State of Minnesota, pursuant to the Minnesota Human Rights Act against each Defendant and for Plaintiff;

- for injunctive relief against each Defendant and for Plaintiff;

- for leave to amend the Complaint to include a claim for punitive damages against each Defendant and for Plaintiff;

- and for such other and further relief as may be just and proper.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: November 22, 2010 | **BARRY & SLADE, LLC** |
|  | By:  **s/Peter F. Barry**<br>Peter F. Barry, Esq.<br>Attorney I.D.#0266577<br>2021 East Hennepin Avenue, Suite 195<br>Minneapolis, Minnesota 55413-1773<br>Telephone:  (612) 379-8800<br>Facsimile: (612) 379-8810<br>pbarry@lawpoint.com |
| pfb/ra | **Attorney for Plaintiff** |

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF MINNESOTA            )
                              ) ss
COUNTY OF HENNEPIN            )

Pursuant to 28 U.S.C. § 1746, Plaintiff Chadi Aladi, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:        November 22, 2010

_____
Signature